**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**RAMIRO ESPINOZA FRIAS,**<br>Defendant | **NO. 5: 06-MJ-05-11 (CWH)**<br><br>VIOLATION(S):  8 U.S.C. §1326(a)(2) and (b)(2) |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a hearing was this day held before the undersigned on the motion of the United States seeking the pretrial detention of defendant RAMIRO ESPINOZA FRIAS. Based upon the information proffered to the court by counsel for the government and provided in the Pretrial Services Report preparedby the U. S. Probation Office,  I conclude that the following facts require the detention of the above-named defendant pending trial in this case.  The defendant presented no evidence or argument at the hearing.

### PART I - FINDINGS OF FACT

The court finds that there is a serious risk that this defendant will not appear for further proceedings should he be released from custody at this time; he is a citizen of Mexico with no ties to the Middle District of Georgia.  In addition, the court finds that he poses a danger to the community were he to be released based upon his criminal activity over the past 20 years.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the information provided by the U.S. Probation Office and proffered by the government establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the appearance of the defendant and the safety of the community if he were to be released from custody at this time.  The weight of evidence against this defendant appears to be strong with the defendant having admitted that he reentered the United States illegally, without authority after having been previously deported in 1997.  In the event of later indictment and conviction, the defendant faces long-term incarceration. His criminal conviction record includes felony convictions for TRANSPORTING/SALE OF NARCOTICS (HEROIN) in 1985 IN THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, CALIFORNIA, and CONSPIRACY TO SELL A CONTROLLED SUBSTANCE in 1995 in the Superior Court of Kings County, California.  Most recently, in 2003, he was convicted in the Superior Court of Clayton County, Georgia for the offense of VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT (Cocaine and Methamphetamine). Under these circumstances, the undersigned finds that pretrial detention is required.

## PART III  -  DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 23rd day of MAY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE